UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MICHAEL ANTHONY TAYLOR,
*Defendant-Appellant.*

No. 99-4700

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-97-22-T)

Submitted: November 28, 2000

Decided: February 6, 2001

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Christopher C. Fialko, RUDOLF, MAHER, WIDENHOUSE &
FIALKO, Charlotte, North Carolina, for Appellant. Brian Lee Whis-
ler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Anthony Taylor appeals the district court's imposition of a two-year sentence of imprisonment upon revocation of probation. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising claims that the district court erred in imposing a sentence above the four to ten month range applicable under Chapter 7 of the sentencing guidelines without notifying Taylor of its intent to depart and that the district court erred in failing to sentence Taylor within his original guidelines range of zero to six months' imprisonment. Taylor was served a copy of the brief and was notified of his right to file a supplemental brief, which he failed to do.

Under current law, if a defendant violates the conditions of probation, the court may continue probation or revoke it and "resentence the defendant under subchapter A." See 18 U.S.C. § 3565(a)(2) (1994). We have held that the current version of § 3565 "plainly permits a district court to begin the sentencing process anew and to impose any sentence appropriate under the provisions of subchapter A, *i.e.*, one that satisfies statutory and guideline requirements." *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997). Taylor argues that the court should have imposed a sentence within the original guideline range of zero to six months. However, for probation revocation sentences imposed after the 1994 amendment to § 3565, a defendant's sentence need only comport with the statute under which he was originally sentenced. That statute, 18 U.S.C. § 371 (1994) (conspiracy to commit bank fraud), provides a statutory maximum sentence of five years' imprisonment. Thus, Taylor's two-year sentence did not exceed the statutory maximum. *United States v. Davis*, 53 F.3d 638, 640-43 (4th Cir. 1995). Furthermore, a sentence above the range set out in Chapter 7 is not a departure. *Id.* at 642 n.15. Consequently, we find that the district court did not abuse its discretion in imposing the sentence.

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Taylor's sentence. This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the United

States for further review. If a client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*